IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> FOR THE USE AND BENEFIT OF ) <br> WESTERN EXTRALITE COMPANY, ) <br> *et al.*, ) <br>   ) <br> Plaintiffs, ) <br>   ) Case No. 11-2491-JAR-KGG <br> vs. ) <br>   ) <br> MOHAN CONSTRUCTION, INC., *et al.*, ) <br>   ) <br> Defendants. ) <br> _____ ) | |

## **MEMORANDUM AND ORDER**

Before the Court is the "Motion for Continuance of Planning and Scheduling Order" (Doc. 15) filed by Plaintiffs. Defendants have responded in opposition (Doc. 16) and Plaintiffs has replied (Doc. 17). After a careful review of the submissions of the parties, the Court **DENIES** Plaintiffs' motion.  a

Although titled "Motion for Continuance of Planning and Scheduling Order," Plaintiffs' motion (Doc. 15) is, in effect, a motion to stay the proceedings pending the District Court's ruling on Plaintiffs' pending motion to dismiss.  Judge Reid previously discussed the policy in this District for staying discovery in ***Wolf***

*v. United States*, acknowledging that the general policy is not to stay discovery even though dispositive motions are pending. 157 F.R.D. 494, 495 (D. Kan. 1994). Judge Reid also recognized, however, that there are exceptions to this general rule, holding:

> it is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome.

*Id; see also,* **Kutilek v. Gannon,** 132 F.R.D. 296, 297-98 (D. Kan. 1990); **Howse v. Atkinson**, No. 04-2341-GTV-DJW, 2005 WL 994572, at *1 (D.Kan. April 27, 2005). In other words, "[a]lthough a stay of discovery is generally disfavored in this district, the Court has broad discretion to stay an action while a Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 26(c)." **Smith-Bey v. Reid**, No. 08-cv-01356-DME-KLM, 2008 WL 5216247, at *1 (D. Colo. Dec. 11, 2008) (citing **String Cheese Incident, LLC v. Stylus Shows, Inc.**, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar.30, 2006)).

The Court has reviewed Plaintiffs' Motion to Dismiss and corresponding brief pending before the District Court. (Docs. 13, 14.) In ruling on the present motion, this Court is not expressing an opinion as to how the District Court might

2

rule on Plaintiffs' motion to dismiss. It is apparent, however, that even if the District Court were to grant the dispositive motion, such a ruling would not completely conclude this case as Plaintiffs are merely seeking to dismiss Defendants' counterclaim. As such, the Court also finds that proceeding with discovery "on all issues of the broad complaint" would not be wasteful and burdensome. *Wolf*, 157 F.R.D. at 495. For these reasons, Plaintiffs' motion (Doc. 15) is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Continuance of Planning and Scheduling Order is **DENIED**.

Dated at Wichita, Kansas, on this 5th day of December, 2011.

 S/ KENNETH G. GALE
Kenneth G. Gale
United States Magistrate Judge